UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILEY GREENHILL,

                Petitioner,

                                  Case Number: 2:10-CV-10296

v.                                Honorable Patrick J. Duggan

RAYMOND D. BOOKER,

                Respondent.

_____/

**OPINION AND ORDER DENYING PETITIONER'S APPLICATION FOR THE WRIT OF HABEAS CORPUS AND A CERTIFICATE OF APPEALABILITY**

**I.      Introduction**

      Michigan prisoner Wiley Greenhill has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 contending that he is being held in violation of his constitutional rights.  On November 4, 2005, following a jury trial in the Circuit Court for Wayne County, Michigan, Petitioner was convicted of second-degree murder in violation of Mich. Comp. Laws § 750.317.  In 2005, the trial court sentenced Petitioner to seventeen to forty years in prison.  In his habeas pleadings, Petitioner raises claims concerning the effectiveness of trial and appellate counsel and the information relied upon at sentencing.  For the reasons stated herein, the Court denies the petition for a writ of habeas corpus.  The Court also denies a certificate of appealability and denies leave to proceed in forma pauperis on appeal.

II.     **Factual and Procedural Background**

Petitioner's convictions arise from the shooting death of Carlos Hamilton on June 9, 2005, in Detroit.  The prosecution presented evidence that the shooting was precipitated by a disagreement over $5.00 Hamilton purportedly owed Petitioner.  At trial, several witnesses testified that on the date of the shooting, Hamilton was seated in a parked car, when Petitioner arrived in his blue car and parked behind Hamilton's white car.  A younger man, later identified as Petitioner's co-defendant Detrick Bundrage, rode in the passenger seat of Petitioner's car.  Petitioner told Bundrage that the man seated in the white car was Hamilton.  Bundrage exited his vehicle, approached Hamilton, who had since exited his car, and hit Hamilton with a bottle.  Bundrage then fatally shot Hamilton once in the chest.  Petitioner gave a custodial statement in which he denied seeing Bundrage with a gun prior to the shooting, but admitted that Bundrage talked as if he were carrying a gun.

Following his conviction and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals.  He raised a single claim asserting that the trial court denied his right to present a defense by ruling that the prosecution could cross-examine a potential defense witness, Donnel Lee, on the circumstances of charges pending against him, causing Lee not to testify.  The Michigan Court of Appeals affirmed Petitioner's conviction.  *People v. Greenhill*, No. 267576, 2007 WL 1203547 (Mich. Ct. App. Apr. 24, 2007) (unpublished).  Petitioner filed an application for leave to appeal in the Michigan Supreme Court, in which he raised the same claim concerning Lee's testimony

2

as well as claims challenging the trial court's use of incorrect information at sentencing and an ineffective assistance of counsel claim alleging that counsel failed to adequately investigate and call alibi witnesses during trial. The Michigan Supreme Court denied Petitioner leave to appeal in a standard order. *People v. Greenhill*, 480 Mich. 917, 739 N.W.2d 865 (2007).

Petitioner thereafter filed a motion for relief from judgment in the trial court. He raised the same claims that he raised in his application to the Michigan Supreme Court, as well as an ineffective assistance of appellate counsel claim. The trial court denied the motion. *People v. Greenhill*, No. 05-006556-02 (Wayne County Cir. Ct. Feb. 9, 2009). Petitioner did not seek leave to appeal the trial court's decision.

Petitioner then filed the pending habeas petition, raising the following claims:

I.    Petitioner was denied his state and federal constitutional rights to a fair trial, due process, equal protection, and the effective assistance of trial counsel.

      A.    Appellate counsel was ineffective due to the failure to raise obvious meritorious issues overlooked by trial counsel.

      B.    Trial counsel was ineffective due to failure to investigate.

      C.    Trial court used incorrect information when imposing prisoner's sentence.

      D.    The trial court denied Petitioner's right to present a defense when it allowed the prosecutor to question a defense witness about pending criminal charges, thereby causing the witness not to testify

## III.    Standard of Review

Review of this case is governed by the Antiterrorism and Effective Death Penalty

Act of 1996 ("AEDPA"). Under the AEDPA, a state prisoner is entitled to a writ of

habeas corpus only if he can show that the state court's adjudication of his claims–

> (1) resulted in a decision that was contrary to, or involved an unreasonable
> application of, clearly established Federal law, as determined by the
> Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination
> of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the

state court arrives at a conclusion opposite to that reached by the Supreme Court on a

question of law or if the state court decides a case differently than the Supreme Court has

on a set of materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 405-06,

120 S. Ct. 1495, 1519-20 (2000).  An "unreasonable application" occurs when "a state

court decision unreasonably applies the law of [the Supreme Court] to the facts of a

prisoner's case."  *Id*. at 409, 120 S. Ct. at 1521.  A federal habeas court may not "issue

the writ simply because that court concludes in its independent judgment that the relevant

state-court decision applied clearly established federal law erroneously or incorrectly."

*Id*. at 410-11, 120 S. Ct. at 1522.

The Supreme Court has explained that "[a] federal court's collateral review of a

state-court decision must be consistent with the respect due state courts in our federal

4

system." *Miller-El v. Cockrell*, 537 U.S. 322, 340, 123 S. Ct. 1029, 1041 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. – , –, 130 S.Ct. 1855, 1862 (2010) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n. 7, 117 S. Ct. 2059, 2067 n.7 (1997); *Woodford v. Visciotti*, 537 U.S. 19, 24, 123 S. Ct. 357, 360 (2002) (per curiam)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. –, –, 131 S.Ct. 770, 786 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664, 124 S. Ct. 2140, 2149 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade*, 538 U.S. 63, 75, 123 S. Ct. 1166 (2003)). Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* "[I]f this standard is difficult to meet, that is because it was meant to be." *Harrington*, 131 S. Ct. at 786.

Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from relitigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's

5

decision conflicts with" the Supreme Court's precedents. *Id.* Indeed, "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* (citing *Jackson v. Virginia*, 443 U.S. 307, 332, n. 5, 99 S. Ct. 2781 (1979) (Stevens, J., concurring in judgment)). Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-787.

A state court's factual determinations are entitled to a presumption of correctness on federal habeas review. See 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). Moreover, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, – U.S. –, 131 S.Ct. 1388, 1398 (2011).

**IV.   Analysis**

Respondent argues that all but Petitioner's last claim are procedurally defaulted because they are unexhausted and procedurally defaulted. This Court agrees.

A prisoner seeking federal habeas relief must first exhaust his state court remedies by fairly presenting the substance of each federal constitutional claim "within 'one complete round of the State's established appellate review process.'" *Carter v. Mitchell*, – F.3d –, 2012 WL 3854787, at *6 (6th Cir. Sept. 6, 2012) (quoting *Williams v. Bagley*, 380 F.3d 932, 967 (6th Cir. 2004)); 28 U.S.C. § 2254(b). State prisoners in Michigan must

6

raise each claim in the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *See Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). The petitioner bears the burden of showing that state court remedies have been exhausted. *Prather*, 822 F.2d at 1420, n.3.

In this case, Petitioner has not presented his claims through one complete round of the State's established appellate review process. Petitioner raised his habeas claims for the first time in state court in his motion for relief from judgment. He did not seek leave to appeal the trial court's denial of his motion for relief from judgment and the time for doing so has now passed. *See* M.C.R. 6.509(A) (setting a 6-month time limit for filing an application for leave to appeal the denial of a motion for relief from judgment). His claims are, therefore, unexhausted. No state-court remedy is available to Petitioner in state court because he already filed a motion for relief from judgment and may not file a successive motion. See M.C.R. 6.502(G)(1) ("one and only one motion for relief from judgment may be filed with regard to a conviction"). Where a habeas petitioner fails to exhaust his claims in state court, but is barred from doing so "his petition should not be dismissed for lack of exhaustion because there are simply no remedies available for him to exhaust." *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995). The claims are procedurally exhausted, however, unless the petitioner shows cause to excuse his failure to present the claims in state court and actual prejudice to his defense at trial or on appeal. *Id.*

Here, Petitioner alleges ineffective assistance of appellate counsel to excuse his

default.  Ineffective assistance of appellate counsel on direct review would not excuse his failure to present these claims on collateral review in state court.  *Hannah*, 49 F.3d at 1196; *see also Guilmette v. Howes*, 624 F.3d 286, 291-92 (6th Cir. 2010) (holding that a claim of ineffective assistance of appellate counsel is properly exhausted when it is raised at the first opportunity to do so – in a post-conviction motion for collateral relief in state court).

Thus, these claims are procedurally defaulted and barred from review unless Petitioner can establish that a constitutional error resulted in a fundamental miscarriage of justice.  *See Schlup v. Delo*, 513 U.S. 298, 321, 115 S. Ct. 851, 863 (1995).  The Supreme Court explicitly has tied the miscarriage of justice exception to procedural default to a petitioner's innocence.  *Id.*  To make a showing of actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt."  *Id.* at 327.  Petitioner fails to present new, reliable evidence in light of which no reasonable juror would have found him guilty. Therefore, the first three claims asserted by Petitioner, *see supra*, are procedurally barred.

Petitioner also is not entitled to habeas relief based on his final claim challenging the trial court's decision to permit the prosecutor to inquire about criminal charges a potential defense witness faced.  The Michigan Court of Appeals rejected this claim, reasoning:

> The prosecutor could not have cross-examined Lee on the facts and
> circumstances surrounding his pending case unless those facts and
> circumstances were relevant. Logical relevance is the foundation for

admissibility. *People v. VanderVliet*, 444 Mich. 52, 60-61; 508 NW2d 114 (1993). Generally, all relevant evidence is admissible, and irrelevant evidence is not. MRE 402. "Relevant evidence" means "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401.

Here, the prosecutor wished to introduce evidence of the facts and circumstances of Lee's pending case to show that Lee was biased in favor of defendants. "Bias is a common-law evidentiary term used 'to describe the relationship between a party and a witness . . . in favor of or against a party. Bias may be induced by a witness' like, dislike, or fear of a party, or by the witness' self-interest.'" *People v. Layher*, 464 Mich. 756, 762; 631 NW2d 281 (2001), quoting *United States v. Abel*, 469 U.S. 45, 52; 105 S Ct 465; 83 L.Ed.2d 450 (1984). "'Proof of bias is almost always relevant because the jury, as finder of fact and weigher of credibility, has historically been entitled to assess all evidence that might bear on the accuracy and truth of a witness' testimony.'" *Layher*, supra at 763, quoting *Abel*, supra at 52.

Defendants do not dispute that evidence of bias is generally admissible, but argue that the facts and circumstances of Lee's pending case do not show bias. As the prosecution argued and the trial court accepted, Lee's pending case was relevant to the issue of bias because of a possible deal between defendants and Lee to support their respective claims of self-defense. While no evidence of such a deal exists, "a defendant need not first demonstrate that some sort of deal exists before impeaching the witness in this manner as the cross-examination is a proper means to attempt to illicit the existence of a possible interest." *People v. Hall*, 174 Mich. App 686, 691; 436 NW2d 446 (1989). Nevertheless, while the prosecution was able to cross-examine Lee regarding the existence of any such deal, the facts and circumstances of Lee's case are irrelevant to any deal and, to the extent that the trial court would have allowed cross-examination into the facts of Lee's case because of a potential deal, it abused its discretion.

The trial court ruled, however, that the facts and circumstances of Lee's case were relevant to bias because the facts of Lee's case and defendants' case were so similar. The court's reasoning is consistent with our Supreme Court's holding in *Layher* where the trial court and our Supreme Court accepted the prosecution's argument "that as a result of [the witness'] being

9

accused and acquitted of a crime which he claims he did not do of a very similar nature, . . . he is therefore biased in the Defendant's favor and presumably would color his testimony to help the Defendant, another person who he may believe would also be wrongly accused of the same crime." *Layher*, supra at 764. We therefore conclude that evidence of the facts and circumstances of Lee's case are relevant to the issue of bias, and thus admissible, because Lee's own experience of being arrested and charged with a crime he claims he did not commit, may have induced him to slant his testimony in defendants' favor.

Because the evidence of bias arising from the pending trial is relevant, it is admissible so long as its probative value is not substantially outweighed by the danger of unfair prejudice. MRE 403. "Evidence is unfairly prejudicial when there exists a danger that marginally probative evidence will be given undue or preemptive weight by the jury." *People v. Crawford*, 458 Mich. 376, 398; 582 NW2d 785 (1998). The trial court is in the best position to gauge the effect of such testimony. *VanderVliet*, supra at 81. In this case, while there is some danger that the jury might give undue weight to the fact that Lee is accused of a similar crime, especially after hearing all the facts and circumstance surrounding his case, we conclude that the trial court did not abuse its discretion in finding that the danger of undue prejudice was not substantially outweighed by the probative value of the evidence. There were numerous eyewitnesses to the shooting, both defendants gave statements to the police, and the trial court was willing to give a limiting instruction to the jury on the use of the evidence.

*Greenhill*, 2007 WL 1203547, at *1-2. The Michigan Court of Appeals reasonably decided this claim.

Trial court errors in the application of state procedure or evidentiary law, particularly regarding the admissibility of evidence, are generally not cognizable as grounds for federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67–68, 112 S. Ct. 475 (1991); *Serra v. Michigan Dep't of Corr.*, 4 F.3d 1348, 1354 (6th Cir. 1993). Only when an evidentiary ruling is "so egregious that it results in a denial of fundamental fairness," may it violate due process and warrant habeas relief. *See Bugh v. Mitchell*, 329

F.3d 496, 512 (6th Cir. 2003).

  Although the Constitution does not explicitly provide a criminal defendant with the right to "present a defense," the Sixth Amendment provides a defendant with the right to process to obtain witnesses in his favor and to confront the witnesses against him, and the Fourteenth Amendment guarantees a defendant due process of law.  Implicit in these provisions is the right to present a meaningful defense.  As the Supreme Court has recognized, "[t]he right to offer the testimony of witnesses, and to compel their attendance, if necessary, is in plain terms the right to present a defense." *Washington v. Texas*, 388 U.S. 14, 19, 87 S. Ct. 1920, 1923 (1967).  "The right to compel a witness' presence in the courtroom could not protect the integrity of the adversary process if it did not embrace the right to have the witness' testimony heard by the trier of fact.  The right to offer testimony is thus grounded in the Sixth Amendment . . .." *Taylor v. Illinois*, 484 U.S. 400, 409, 108 S. Ct. 646, 653 (1988).  Further, the Court has noted that "[t]his right is a fundamental element of due process of law," *Washington*, 388 U.S. at 19, 98 S. Ct. at 1923, and that "[f]ew rights are more fundamental[.]" *Taylor*, 484 U.S. at 408, 108 S. Ct. at 652.  Although the right to present a defense is fundamental, it is not absolute.  *Bazer v. Parker*, 371 F.3d 310, 323 (6th Cir. 2004).  The right must yield to other constitutional rights.  *See, e.g., United States v. Trejo-Zambrano*, 582 F.2d 460, 464 (9th Cir. 1978) ("The Sixth Amendment right of an accused to compulsory process to secure attendance of a witness does not include the right to compel the witness to waive his Fifth Amendment privilege."  The right may also be legitimately circumscribed by other

11

legitimate demands of the criminal justice system.  *See United States v. Scheffer*, 523 U.S. 303, 308, 118 S. Ct. 1261, 1264 (1998).

Petitioner sought to introduce Mr. Lee's testimony to support his self-defense claim.  The trial court's ruling allowing the admission of evidence concerning Mr. Lee's pending criminal charges did not prevent Petitioner from otherwise presenting his self-defense claim to the jury.  The state trial court allowed the testimony concerning Mr. Lee's pending criminal charges in accordance with Michigan evidentiary rules and the court's ruling did not violate clearly established Supreme Court precedent.  As such, Petitioner is not entitled to habeas relief based on the trial court's admission of this evidence.

## V.      Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief and the petition must be dismissed.

Before Petitioner may appeal this decision, a certificate of appealability must issue.  *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 (2000).  "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues

12

presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029, 1034 (2003). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484-85, 120 S. Ct. at 1604.

The Court concludes that reasonable jurists would not find the Court's ruling debatable and that Petitioner has failed to make a substantial showing of the denial of a constitutional right. A certificate of appealability is not warranted.

Accordingly,

**IT IS ORDERED** that Petitioner's application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**;

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

Dated: November 15, 2012                              s/PATRICK J. DUGGAN
                                                      UNITED STATES DISTRICT JUDGE


Copies to:
Wiley Greenhill, #145154
Gus Harrison Correctional Facility
2727 East Beecher St.
Adrian, MI 49221

AAG Andrea M. Christensen

13